**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DAVID L. GREEN,** ) | Case No. 5:13CV2029 |
| ) | |
| **Petitioner,** ) | **JUDGE JEFFREY J. HELMICK** |
| ) | |
| **v.** ) | Magistrate Judge George J. Limbert |
| ) | |
| **KIMBERLY CLIPPER, Warden,** ) | |
| **LORAIN CORRECTIONAL** ) | **REPORT AND RECOMMENDATION** |
| **INSTITUTION,** ) | **OF MAGISTRATE JUDGE** |
| ) | |
| **Respondent.** ) | |

Petitioner David L. Green ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  Petitioner seeks relief for alleged constitutional violations that occurred during his Summit County, Ohio Court of Common Pleas convictions for aggravated robbery with firearm and repeat violent offender ("RVO") specifications, kidnapping with firearm and RVO specifications, aggravated menacing, tampering with evidence, failure to comply with the order or signal of a police officer, and resisting arrest. *Id*. On December 6, 2013, Respondent Kimberly Clipper, Warden of the Lorain Correctional Institution in Grafton, Ohio ("Respondent") filed an answer/return of writ. ECF Dkt. #6. On February 6, 2014, Petitioner filed a traverse and he filed a supplemental traverse on June 23, 2014. ECF Dkt. #s 10, 12.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the petition in its entirety with prejudice:

**I.    PROCEDURAL HISTORY**

   **A.    State Trial Court**

On May 5, 2011, the Summit County Ohio Grand Jury indicted Petitioner on: one count of aggravated robbery in violation of Ohio Revised Code ("ORC") § 2911.01(A)(1) with firearm and RVO specifications; one count of kidnapping in violation of ORC § 2905.01(A)(2)/(3) with firearm and RVO specifications; having weapons while under disability in violation of ORC §

2923.13(A)(2)/(3); one count of tampering with evidence in violation of ORC § 2921.12(A)(1); two counts of failure to comply with the order or signal of a police officer in violation of ORC § 2921.331(B); one count of carrying concealed weapons in violation of ORC § 2923.12(A)(2); violating a protection order in violation of ORC § 2919.27; aggravated menacing in violation of ORC § 2903.21; domestic violence in violation of ORC § 2919.25(C); two counts of discharging a firearm on or near prohibited premises in violation of ORC § 2923.162(A)(2)(3); criminal damaging or endangering in violation of ORC § 2909.06(A)(1); obstructing official business in violation of ORC § 2921.31(A); resisting arrest in violation of ORC § 2921.33(B); possession of marijuana in violation of ORC § 2925.11(A)(C)(3); and illegal use or possession of drug paraphernalia in violation of ORC § 2925.14(C)(1).  ECF Dkt. #6-2 at 1-2.

On May 6, 2011, Petitioner was arraigned in the Summit County Court of Common Pleas on the charges.  ECF Dkt. #6-3.  The court journalized its entry of arraignment on May 18, 2011. *Id*.  On June 14, 2011, Petitioner, pro se, filed a motion to dismiss the charges against him because he did not receive a preliminary hearing within the ten-day time requirement of state law.  ECF Dkt. #6-4.  On August 16, 2011, the trial court denied the motion.  ECF Dkt. #6-5.

On December 16, 2011, Petitioner, through counsel, filed a motion to dismiss his case based upon a violation of his speedy trial rights.  ECF Dkt. #6-6 at 1.  He asserted that he had been in the Summit County Jail for 240 days as of December 15, 2011 and he had objected to the resetting of his trial for January 3, 2012.  *Id.*  The State of Ohio filed a response.  ECF Dkt. #6-7.  On December 29, 2011, the trial court denied Petitioner's motion.  ECF Dkt. #6-8.

Prior to trial, Petitioner orally moved to dismiss the case against him on the basis of a violation of his speedy trial rights.  ECF Dkt. #6-10 at 1.  On January 5, 2012, the trial court calculated the time and tolling events and denied Petitioner's motion.  *Id*.

On February 3, 2012, the trial court issued a journal entry indicating that Petitioner and the State of Ohio appeared for trial on January 3, 2012.  ECF Dkt. #6-11 at 1.  The trial court noted that before trial began, the State of Ohio dismissed one of the criminal damaging counts, the obstructing official business count, the possession of marijuana count and the count of illegal use or possession of drug paraphernalia.  *Id.* at 2.  The court further noted that the trial began and

on January 4, 2012, the prosecutor moved to dismiss and the court dismissed the counts of failure to comply with the order or signal of a police officer and the discharge of a firearm on or near a prohibited premises.  *Id*.  Petitioner also entered guilty pleas to the counts of having weapons while under disability, carrying a concealed weapon, violating a protection order, and domestic violence.  *Id*. at 2-3.

The court's journal entry further indicated that later on January 4, 2012, the jury returned their verdict finding Petitioner guilty of aggravated robbery with the firearm specification, kidnapping with the firearm specification, tampering with evidence, failure to comply with the order or signal of a police officer, aggravated menacing, and resisting arrest.  ECF Dkt. #6-11 at 3-4.  The jury found Petitioner not guilty of discharge of a firearm on or near prohibited premises.  *Id.* at 4.

On February 3, 2012, the trial court issued a journal entry indicating it held a RVO adjudication hearing and a sentencing hearing on January 5, 2012.  ECF Dkt. #6-12.  The court found Petitioner guilty of the RVO specifications in the aggravated robbery and kidnapping counts.  *Id*.  The court thereafter sentenced Petitioner to a total of 25 years in prison.  *Id.* at 5-6.

### B.     **Direct Appeal**

On March 1, 2012, Petitioner, through counsel, filed a timely notice of appeal to the Ohio Court of Appeals for the Ninth District.  ECF Dkt. #6-18 at 1.  In his appellate brief, Petitioner asserted the following assignments of error:

> THE TRIAL COURT ERRED IN DENYING APPELLANT'S PRETRIAL MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS.
>
> APPELLANT'S GUILTY PLEAS TO FOUR COUNTS OF THE INDICTMENT MADE DURING TRIAL WERE NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE WHEN THE TRIAL COURT ERRONEOUSLY INFORMED HIM THAT ENTERING A GUILTY PLEA TO THESE CHARGES WOULD NOT WAIVE HIS RIGHT TO RAISE A SPEEDY TRIAL ISSUE ON APPEAL.

ECF Dkt. #6-20 at 3.  The State filed an appellate brief.  ECF Dkt. #6-21.

On December 5, 2012, the Ninth District Court of Appeals issued an opinion affirming in part, and reversing in part and remanding the trial court's judgment.  ECF Dkt. #6-22 at 1-9.  The Ohio appellate court reviewed the trial court docket of activity and tolling events in Petitioner's

case and found that the trial court did not err in overruling Petitioner's motion to dismiss his case based upon a violation of speedy trial rights as only 204 days had elapsed for purposes of speedy trial. *Id*. at 3-6.

The Ohio appellate court did hold, however, and the State of Ohio conceded, that the trial court had erred in informing Petitioner that he would preserve his right to appeal on the basis of speedy trial violations even if he entered guilty pleas to some of the charges. ECF Dkt. #6-22 at 7. Consequently, the court vacated Petitioner's guilty pleas to the counts of having weapons while under disability, carrying concealed weapons, violating a protection order, and domestic violence. *Id*.

### C. Rule 26(B) application

On January 10, 2013, Petitioner filed an application for reopening pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure. ECF Dkt. #6-27. Petitioner alleged that his appellate counsel was ineffective by not raising the following assignments of error:

> 1) APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS PROVIDED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION ARTICLE 1, SECTION 10, OF THE OHIO CONSTITUTION, AS WELL AS THE DUE PROCESS PROTECTION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION.
>
> 2) DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COURT'S FAILURE TO CONDUCT FURTHER INQUIRY OF OBVIOUS CONFLICT OF INTEREST ON PART OF DEFENDANT AND HIS ATTORNEY.

ECF Dkt. #6-27 at 5. Petitioner asserted that his counsel failed to pursue relevant arguments that the charges against him were time-barred and instead advised him to accept a guilty plea. *Id*. He also alleged that his trial counsel violated her duty of loyalty to represent him when she tried to prevent him from asserting his speedy trial rights and persuaded him to accept a plea agreement on some of the charges. *Id.* at 9-10. The State of Ohio filed a response and Petitioner filed a reply brief. ECF Dkt. #s 6-28, 6-29.

On April 16, 2013, the Ohio appellate court denied Petitioner's application, finding that its determination on appeal that Petitioner's guilty pleas had to be vacated vitiated any claim of

ineffectiveness of appellate counsel since appellate counsel nevertheless obtained the relief that Petitioner sought in challenging the validity of the pleas. ECF Dkt. #6- 25 at 15-17.

### D. **Supreme Court of Ohio**

On June 10, 2013, Petitioner, pro se, filed a motion for leave to file a delayed appeal and a notice of appeal in the Supreme Court of Ohio. ECF Dkt. #6-24 at 1; ECF Dkt. #6-25. Petitioner explained that he had filed his appeal timely, but he failed to enclose a copy of the Ohio appellate court entry that he was appealing. *Id.* He noted that his appeal to the Supreme Court of Ohio was returned to him on May 28, 2013 or May 29, 2013 and his deadline was May 31, 2013, but the court received his appeal on June 5, 2013. *Id.* He further attested that the Ohio appellate court denied his appeal on December 5, 2012 and his attorney notified him of that decision on December 10, 2012, so he filed a Rule 26(B) application with the Ohio appellate court and it was denied on April 16, 2013, but he was not notified of that denial until May 10, 2013. *Id.* at 2.

On July 24, 2013, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal and dismissed his case. ECF Dkt. #6-26.

## II. **28 U.S.C. § 2254 PETITION**

On September 9, 2013, Petitioner executed the instant petition for a writ of federal habeas corpus. ECF Dkt. #1. Petitioner raises the following ground for relief:

> GROUND ONE:
>
> Petitioner was denied his constitutional right to due process and a speedy trial as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution when the trial court committed prejudicial error in failing to dismiss Petitioner's case on Speedy Trial Grounds.
>
> Supporting Facts:
>
> (a) Petitioner was arrested on April 18, 2011, and was held in custody until his trial commenced on January 3, 2012, approximately two-hundred-sixty-two (262) days.
>
> The time for speedy trial considerations began to run on April 19, 2011, and continued until the filing of discovery motions on May 18, 2011. At this point, twenty-nine (29) days of the speedy trial clock had expired.
>
> Speedy trial time was tolled from May 18, 2011 to August 16, 2011, when the trial court disposed of Petitioner's pro se motion to dismiss. During that time

period, trial was reset for October 11, 2011, in journal entries of July 25, 2011, and August 15, 2011.

Speedy trial time thus began to run again from August 17, 2011, to October 24, 2011, when defense counsel filed a motion for continuance. The total number of days in this period was sixty-eight (68) days (fifteen days left in August, thirty days in September, and twenty-three days in October), for a total, as of October 26, of ninety-seven (97) days, or, under the triple-count provision, due to Petitioner's continuous incarceration since the day of his arrest, two-hundred-ninety-one (291) days of speedy trial time as of October 26, 2011. At that point, Petitioner was already entitled to be discharged under the law, and still, he was not taken to trial until another 70 days later.

At a hearing held on November 14, 2011, Petitioner vigorously asserted the expiration of the speedy trial time, and despite Petitioner's objections, his defense counsel (after the expiration of the speedy trial time) waived Petitioner's speedy trial right by agreeing to a trial date, set by the court, for January 3, 2012.

GROUND TWO:

Petitioner was denied effective assistance of counsel when appellate counsel failed to raise on direct appeal the deficient and prejudicial performance of trial counsel when trial counsel failed to protect Petitioner's speedy trial right, and that Petitioner did not knowingly and voluntarily waive his right to a speedy trial.

Supporting Facts:

The speedy trial time limit, in Petitioner's case, expired on October 16, 2011.

During an[sic] hearing, held on November 14, 2011, over Petitioner's heated objections, Petitioner's trial counsel waived Petitioner's speedy trial right when she agreed to a trial date of January 3, 2012. Because this trial date was agreed to on a date after the expiration of the 90-day limit, and because of Petitioner's repeated objections to any waiver of his speedy trial right, the waiver of his speedy trial right was [ ] done in a knowing and voluntary manner.

Further, trial counsel misled Petitioner into believing that she was advocating for his speedy trial right by filing a frivolous motion to dismiss based on a speedy trial violation. Frivolous because said motion was filed after the expiration of the speedy trial 90-day limit, and because she had already agreed to a trial date of January 3, 2012; which was even further outside the 90-day limit. Then, at a subsequent hearing to dispose of the motion, trial counsel agreed to the dismissal of the motion.

The ways in which Petitioner is prejudiced by trial counsel's deficient performance are two-fold: First, the obvious, that the waiver of his speedy trial right was not voluntarily and knowingly made. Secondly, the state extended a plea deal to Petitioner for a sentence of 8-years. Had Petitioner known that trial counsel was not going to pursue, and protect, his right to a speedy trial, he would have accepted the state's plea deal. When Petitioner was lied to, and misled, by trial counsel into believing that she was going to pursue his speedy trial right, Petitioner delayed his decision on the plea deal. When the state realized that trial counsel was not going to fight the speedy trial issue, it increased the deal from an 8-year sentence to a 15-year sentence, thus forcing Petitioner to proceed to trial, to preserve the speedy trial issue, where he was consequently convicted.

> GROUND THREE:
>
> Petitioner was denied his constitutional rights to due process and effective assistance of counsel when the trial court failed to conduct inquiry of obvious conflict of interest on part of Petitioner and trial counsel.
>
> Supporting Facts:
>
> In open court, Petitioner insisted, and vigorously asserted that he was against waiving his speedy trial right. When defense counsel attempted to silence Petitioner on the matter, a heated argument ensued between Petitioner and his attorney.
>
> After witnessing the confrontation, and the obvious conflict of interest between Petitioner and his lawyer, the trial court failed to conduct any inquiry concerning the conflict of interest between the two parties, pertaining to a waiver of Petitioner's speedy trial right.
>
> Instead, the trial court entered a judgment permitting an involuntary waiver of Petitioner's speedy trial right, without first seeking to solve the disagreement between Petitioner and his trial counsel.
>
> This failure by the trial court egregiously prejudiced Petitioner, because not only was he denied his right to a speedy trial, this right was taken away from him involuntarily and unknowingly. Further, had Petitioner know this right would not have been protected by the court, and trial counsel, he would have seriously considered the 8-year plea deal initially offered by the state.
>
> The trial court had a duty to inquire into, and avoid, potential conflicts of interest where the court saw a potential conflict of interest existed, as was the situation in Petitioner's case. When the court failed to make such an inquiry, it denied Petitioner due process and effective assistance of counsel.

*Id*. at 4-8. On December 6, 2013, Respondent filed an answer/return of writ. ECF Dkt. #6. On February 6, 2014, Petitioner filed a traverse. ECF Dkt. #10. On June 23, 2014, Petitioner filed a supplemental traverse. ECF Dkt. #12.

## III.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not at issue in this case.

### B. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Further, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state

courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C. Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735. Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).

### IV. STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

> A. Decisions of lower federal courts may not be considered.
>
> B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.
>
> C. The state court decision may be overturned only if:

-10-

      1.      It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

      2.      the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

      3.      'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

      4.      the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

    D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

    E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically

-11-

Case: 5:13-cv-02029-JJH  Doc #: 13  Filed:  01/09/15  12 of 20.  PageID #: 506

deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## V. LAW AND ANALYSIS

### A. Procedural Default

Respondent first asserts that Petitioner has procedurally defaulted all of his grounds for relief.  She contends that Petitioner's first and second grounds for relief are procedurally defaulted because although he presented these claims on direct appeal, he failed to timely appeal the Ohio appellate court's determination of these grounds to the Supreme Court of Ohio and that court denied Petitioner's motion for leave to file a delayed appeal.  ECF Dkt. #6 at 14-17.  As to Petitioner's third ground for relief, Respondent asserts that while he presented this ground in his Rule 26(B) application, he failed to appeal the denial of that application to the Supreme Court of Ohio and a delayed appeal to that court is not available.  *Id*. at 14-15.

As indicated by Respondent, the record shows that Petitioner did present his first ground for relief before the Ohio appellate court on direct appeal.  ECF Dkt. #6-20 at 8-13.  However, Respondent incorrectly asserts that Petitioner presented his second and third grounds for relief to the Ohio appellate court.  ECF Dkt. #6 at 7, 14. Petitioner presented two assignments of error in his appellate brief before the Ohio appellate court and the first assignment of error contended that the trial court erred in denying his pretrial motions to dismiss on speedy trial grounds.  ECF Dkt. #6-20 at 8.  This is Petitioner's first ground for relief in the instant federal habeas corpus petition. ECF Dkt. #1 at 4.  However, Petitioner's second assignment of error before the Ohio appellate court asserted that Petitioner's guilty pleas were invalid because the trial court erroneously informed him that he was not waiving his speedy trial rights by entering the guilty pleas.  ECF

Dkt. #6-20 at 13. Petitioner makes no allegations of the ineffective assistance of counsel or trial court error in failing to conduct an inquiry into a conflict of interest between Petitioner and his counsel as he asserts in his second and third grounds for relief before this Court. *Id*. at 13-15. Petitioner admits as much in his federal habeas corpus petition. ECF Dkt. #1 at 6, 8.

As to the first ground for relief presented in the instant petition, the Ohio appellate court addressed the claim in its December 5, 2012 decision and overruled the claim on the merits. ECF Dkt. #6-22 at 2-7. However, Petitioner did not file a timely direct appeal to the Supreme Court of Ohio. Rather, he filed a motion for a delayed appeal with that court on June 10, 2013. ECF Dkt. #6-25. The Supreme Court of Ohio denied Petitioner's motion for delayed appeal. ECF Dkt. #6-26. In order to perfect an appeal to the Supreme Court of Ohio, a defendant must file a notice of appeal within 45 days from the entry of the judgment being appealed. Ohio S.Ct. Prac. R. 7.01(a)(1)(a)(i). Rule 7.01(a)(4) of the Ohio Supreme Court Rules of Practice provides that a defendant may file a motion for delayed appeal and a notice of appeal in a felony case when the time for filing a notice of appeal in the Supreme Court of Ohio has expired. Ohio S.Ct. Prac. R. 7.01(a)(4).

A federal habeas court is barred from considering issues that could have been raised in the state courts, but were not, and which may not be presented to those state courts due to procedural default or waiver. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). The Sixth Circuit has recognized that the Ohio Supreme Court's denial of a motion for leave to file a delayed appeal is a procedural ruling sufficient to bar habeas review. *Smith v. Ohio Dept. of Rehab. and Corr.*, 463 F.3d 426, 431-432 (6th Cir.2006) (appellant failed to comply with Ohio Supreme Court Rules by not filing appeal within period set forth by those rules); *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir.2004) (*per curiam*), cert. denied, 543 U.S. 989, 125 S.Ct. 506, 160 L.Ed.2d 375 (2004). As the Sixth Circuit explained in *Bonilla*, "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." 370 F.3d at 497 (and unpublished Sixth Circuit cases cited therein).

-13-

In this case, as in *Bonilla*, the Ohio Supreme Court was "entirely silent as to its reasons for denying [the] requested relief." 370 F.3d at 497.  In such circumstances, it must be assumed that the state court enforced the applicable procedural bar to review. *Id.* (citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir.1996)).  When a petitioner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Bonilla*, 370 F.3d at 497. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

Here, Petitioner explained in his motion for delayed appeal to the Ohio Supreme Court that the Ohio appellate court denied his appeal on December 5, 2012 and his attorney notified him of that decision on December 10, 2012.  ECF Dk. #6-25.  He indicated that he then filed a Rule 26(B) application on January 10, 2013 and he was notified on May 10, 2013 that the application was denied, which left him only 21 days in which to file his appeal. *Id*.  He explained that he filed his appeal to the Ohio Supreme Court but it was returned to him on May 29, 2013 because he failed to enclose a copy of the Ohio appellate court decision from which he was appealing, as required by the Supreme Court of Ohio's Rules of Practice.  ECF Dkt. #6-25; Ohio S.Ct. Prac. R. 7.01(a)(4)(iii).  He indicated that he did not receive the returned document until June 5, 2013, after his deadline for filing had expired.  ECF Dkt. #6-25.

While Petitioner asserts that he did not learn of the ruling on his Rule 26(B) application until May 28, 2013, three days before his May 31, 2013 Ohio Supreme Court deadline, he fails to explain why he could not file his direct appeal of the Ohio appellate court's December 5, 2012 decision concerning speedy trial assertions to the Supreme Court of Ohio in a timely manner. Thus, Petitioner has procedurally default his first ground for relief because he failed to timely appeal to the Supreme Court of Ohio and that court imposed the procedural bar of denying his

-14-

motion for a delayed appeal.

As to his second and third grounds for relief before this Court, Petitioner did not raise these grounds in his direct appeal. Rather, he raised them for the first time in his Rule 26(B) application. ECF Dkt. # 1 at 6, 8; ECF Dkt. #6-27 at 5. However, Petitioner did not file his appeal of the Ohio appellate court's denial of his Rule 26(B) application in a timely manner. The appellate court issued a decision on his Rule 26(B) application on April 16, 2013 and Petitioner filed a motion for delayed appeal on June 10, 2013. ECF Dkt. #6-25; ECF Dkt. #6-30. Rule 7.01(A)(4)(c) of the Ohio Supreme Court Rules of Practice does not permit the filing of motions for delayed appeals involving Rule 26(B) rulings. Ohio S.Ct. Prac. R. 7.01(A)(4)(c). Thus, Petitioner has failed to timely and fairly present his claims to Ohio's court of last resort and he has procedurally defaulted these grounds for relief as well as he has no ability to return to the state courts. *See Miles v. Bradshaw*, No. 5:13CV1078, 2014 WL 977702, at *4 (N.D. Ohio, Mar. 12, 2014).

For these reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted all three of his grounds for relief. Petitioner can avoid the procedural default bar if he can show cause to excuse his late filings and prejudice resulting from not reviewing his grounds for relief. For the following reasons, the undersigned recommends that the Court find that Petitioner fails to show sufficient cause and/or prejudice in which to excuse his untimely filings in the Supreme Court of Ohio.

### B.     Cause and Prejudice/Fundamental Miscarriage of Justice

Petitioner admitted that his attorney notified him of the Ohio appellate court's decision on his direct appeal on December 10, 2012. ECF Dkt. #6-25 at 1. He further indicated that he was notified of the Ohio appellate court's ruling on his Rule 26(B) application on May 10, 2013. *Id*. Yet Petitioner did not file a timely appeal to the Supreme Court of Ohio from the Ohio appellate court's ruling on his direct appeal. Moreover, he failed to follow the Ohio Supreme Court's rules for filing his notice of appeal as Petitioner himself indicated in his motion for delayed appeal to

-15-

that court that he had filed his notice of appeal timely but had it returned to him because he failed to include the proper documents required by the rules in order to have his notice of appeal filed. ECF Dkt. #6-25 at 2. Thus, Petitioner has failed to show that some factor external to him prevented him from timely filing his appeal to the Supreme Court of Ohio.

Lacking cause, the undersigned need not conduct a prejudice review. *Smith v. Murray*, 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986)(if petitioner fails to show cause to excuse procedural default, the court need not address the issue of prejudice). However, the undersigned will conduct such a review in conjunction with determining the remaining avenue that Petitioner has left in order to bypass procedural default: a review of whether Petitioner's case presents a fundamental miscarriage of justice if not addressed by the Court. This review will also encompass a ruling on the merits of Petitioner's speedy trial claim, which in turn addresses all of Petitioner's grounds for relief since they all in essence pertain to his speedy trial rights.

The Sixth Amendment to the United States Constitution guarantees the accused a speedy trial in all criminal prosecutions. The right to a speedy trial is "fundamental," and is imposed on the states by the Due Process Clause of the Fourteenth Amendment. *Barker v. Wingo*, 407 U.S. 514, 515, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The Supreme Court has held that the states "are free to prescribe a reasonable period consistent with constitutional standards." *Id.* at 523.

The *Barker* Court set out four criteria by which an alleged violation of the constitutional right to a speedy trial is to be judged: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. *Barker*, 407 U.S. at 530; *Norris v. Schotten*, 146 F.3d 314, 326 (6th Cir.), *cert. denied* 514 U.S. 935 (1998). None of the four factors is either necessary or sufficient to finding a deprivation of the right to a speedy trial, but must be balanced with other relevant circumstances. *Id.* at 533. Prejudice, the most important of the considerations, is assessed in light of three interests to the defendant: (1) to prevent oppressive pretrial incarceration; (2) to minimize the anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Id.* at 532. In a subsequent

decision, *Doggett v. United States*, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), the balance was described as "whether [the] delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Id.* at 651.

The Ohio appellate court in this case cited to Ohio law and some federal law in adjudicating Petitioner's speedy trial claims. ECF Dkt. #6-22 at 3-7. The court first noted that ORC § 2945.71(C)(2) provided that a defendant charged with a felony must be brought to trial within 270 days after his arrest and ORC § 2945.71(E) provided that each day in which a defendant is held in jail in lieu of bail counted as three days in that calculation. *Id.* at 3. The appellate court also noted that certain events can toll the running of the speedy trial clock, including continuances granted on the defendant's motion, motions to dismiss filed by the defendant, discovery demands or a bill of particulars filed by the defendant, delays caused by reason of motions, proceedings or other actions instituted by the defendant, and continuances other than on the defendant's motion for a reasonable period of time. *Id.*, citing ORC § 2945.72(H), *State v. Brown*, 98 Ohio St.3d 121, 781 N.E.2d 159, 2002-Ohio-7040 (2002), *State v. Hamlet*, No. 04CA8527, 2005 WL 1459967, 2005-Ohio-3110 (Ohio App. Ct. 9th Dist., June 22, 2005), and *State v. Hughes*, No. 02CA8206, 2003 WL 22187441, 2003-Ohio-5045 (Ohio App. Ct. 9th Dist. Sept. 24, 2003).

The court thereafter reviewed the docket of Petitioner's case and found that the relevant date for calculating the running of the speedy trial time clock began on April 19, 2011, the day after Petitioner was arrested. ECF Dkt. #6-22 at 4. The court found that time ran from that date until May 18, 2011 when Petitioner filed various motions, including a demand for discovery, a motion for bill of particulars and a motion to extend time in which to file pretrial motions. *Id.* at 4; *see also* ECF Dkt. #6-13 at 7. At a rate of 3 days per day because Petitioner was incarcerated, the appellate court found that a total of 87 days (29x3) elapsed between April 19, 2011 and May 18, 2011. *Id.* at 4. While his May 18, 2011 motions were pending, Petitioner also filed a motion

-17-

to dismiss the charges against him because he was not given a preliminary hearing and he alleged that he received the ineffective assistance of counsel.  ECF Dkt. #6-13 at 7.  The Ohio appellate court noted that while these issues were pending, the trial court referred Petitioner for a psychological evaluation and thus continued Petitioner's trial until October 11, 2011.  *Id.* at 6-7.  The appellate court found that while Petitioner asserted that the time for the evaluation could not be charged against him, he and his attorney both admitted at the final pretrial that they had requested the evaluation by motion.  *Id.*  Thus, the Ohio appellate court found that this time properly tolled the running of the speedy trial clock until October 11, 2011.  *Id.* at 5.  The record supports these findings.  ECF Dkt. #6-14 at 4-6.

The docket of the common pleas court supports the Ohio appellate court's additional findings that the State had also filed a motion to continue the trial on September 14, 2011, which could not be charged against Petitioner.  ECF Dkt. #6-13 at 5.  Giving Petitioner the benefit of the doubt of the running of the speedy trial clock, the appellate court found that the time ran 39 days, from September 14, 2011 through October 24, 2011, which multiplied by 3 for Petitioner's time in custody constituted another 117 days off of the speedy trial clock.  ECF Dkt. #6-1 at 2, ECF Dkt. #6-13 at 4-5.  Thus, at this point, as reasonably and generously found by the Ohio appellate court, a total of 204 days of the speedy trial time clock (117 + 87) had elapsed.  *Id.*  As further found by the Ohio appellate court, the clock ran until October 24, 2011, when Petitioner's counsel filed a motion to continue the final pretrial and the trial due to a death in her family.  *Id.*

Finally, the Ohio appellate court reasonably found that the trial court did not err or violate speedy trial rights when scheduling the trial beyond the 270-day speedy trial limit as the parties appeared at the newly scheduled final pretrial on November 14, 2011 and agreed to a new trial date of January 3, 2012 and defense counsel waived any irregularities as to Petitioner's right to speedy trial until that date.  ECF Dkt. #6-13 at 4.  The transcript of the November 14, 2011 final pretrial confirms that the trial date was cancelled at the request of Petitioner's trial counsel due to a death in her family.  ECF Dkt. #6-14 at 3-5.  The court noted that the earliest date that the trial could be scheduled was for January 3, 2012, and Petitioner's speedy trial rights were discussed.

*Id*. Petitioner's counsel informed the court that she was agreeing to the January 3, 2012 trial date, even though Petitioner may not be doing so. *Id*. at 5. She indicated that caselaw allowed her as counsel to make the final decision as to speedy trial and the court discussed with Petitioner his speedy trial concerns. *Id*. at 5-7. Petitioner questioned whether his speedy trial rights were violated and he told the court that he did not agree to rescheduling the final pretrial and the trial. *Id.* at 6-8. The trial court nevertheless scheduled the final pretrial and the trial and requested that Petitioner's counsel and the prosecutor get together and discuss the timeline regarding Petitioner's speedy trial rights. *Id*.

The Ohio appellate court addressed the running of the speedy trial clock as to the circumstances surrounding this time period from the October 24, 2011 motion by Petitioner's counsel to continue the trial, to the November 14, 2011 final pretrial, to the January 3, 2012 rescheduling of the trial. ECF Dkt. #6-1 at 3. The court found that the October 24, 2011 motion was not decided until November 14, 2011, when the parties appeared at the final pretrial and thus this time was tolled for speedy trial purposes. *Id*. Relying upon Ohio Supreme Court caselaw, the Ohio appellate court held that the voluntary agreement by Petitioner's counsel at the final pretrial to continue the trial beyond the speedy trial limit was valid and constituted an agreement other than upon the accused's own motion under RC § 2945.72(H), which allows the court to extend the time within which the State must bring the accused to trial if that extension is reasonable. *Id*., citing *State v. McRae*, 55 Ohio St.2d 149, 152-153, 378 N.E.2d 476, 9 O.O.3d 118 (1978). The appellate court found that the trial court's rescheduling of the trial to its first available date of January 3, 2012 was reasonable.

In *Barker*, the Supreme Court noted that the first factor in its four-factor analysis is "a triggering mechanism," instructing that "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530; *Maples v. Stegall*, 427 F.3d 1020, 1025 (6th Cir.2005); *Norris*, 146 F.3d at 326. Thus, the first inquiry is "whether there was a presumptively prejudicial delay" to warrant further investigation of the *Barker* factors. *Norris*, 146 F.3d at 326–327. The length of

-19-

the delay is measured from the date of the indictment or the date of the arrest, whichever is earlier. *Maples*, 427 F.3d at 1026. Courts have found that a delay of one year or longer "marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* inquiry." *Doggett* at 652, n. 1.

A review of the trial court docket in this case and the Ohio appellate court's opinion leads the undersigned to recommend that the Court find that the Ohio appellate court's determination that only 204 days elapsed was not contrary to or an unreasonable application of federal law or an unreasonable determination of the facts in this case. Consequently, the undersigned recommends that the Court find that Petitioner cannot present cause to excuse his procedural default of his grounds for relief, Petitioner cannot establish prejudice resulting therefrom as no violation of his speedy trial rights occurred, no fundamental miscarriage of justice would occur if his grounds for relief are not reviewed, and Petitioner's ineffective assistance of counsel claims relating to speedy trial violations are therefore without merit.

## VI. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant federal habeas corpus petition in its entirety with prejudice.


DATE: January 9, 2015         */s/ George J. Limbert*
                              GEORGE J. LIMBERT
                              UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).