UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David L. Green,                                                                          Case No. 5:13-cv-02029

          Petitioner

    v.                                                                                                  ORDER

Kimberly Clipper,

          Respondent

       Before me is the Report and Recommendation of Magistrate Judge George J. Limbert recommending dismissal of Petitioner David L. Green's action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 13; Doc. No. 1).  After receiving an extension of time, Green filed his objections to the Report and Recommendation.  (Doc. No. 16).

       Magistrate Judge Limbert recommends I deny Green's petition because the grounds for relief he presented in his habeas petition are procedurally defaulted.  (Doc. No. 13 at 20).  Magistrate Judge Limbert concluded Green's claims are procedurally defaulted because he did not timely present them to the Supreme Court of Ohio.  (Doc. No. 13 at 12-15).  Green raised the issue presented in his first ground for relief in his direct appeal of his conviction.  Green filed his notice of appeal of the Court of Appeal's decision to the Supreme Court of Ohio after the deadline, and the Supreme Court of Ohio denied his motion for a delayed appeal.  Green raised his second and third grounds for relief in his Ohio Appellate Rule 26(B) application.  He appealed the Court of Appeal's denial of his Rule 26(B) motion after the deadline as well, and the Supreme Court of Ohio denied his motion.

If a state procedural rule prevents the state courts from considering the merits of a petitioner's claims, the claims are procedurally defaulted and a federal court may not consider them. *Alley v. Bell*, 307 F.3d 380, 386 (6th Cir. 2002). A claim is procedurally defaulted if (1) there is a state procedural rule the petitioner did not follow; (2) the state courts actually enforced the rule; (3) the procedural rule is an adequate and independent state ground that may foreclose federal review of the petitioner's claims; and (4) the petitioner cannot show "cause" for failing to follow the rule and "prejudice" resulting from this failure. *Carter v. Mitchell*, 443 F.3d 517, 537-38 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1985)). A procedural default may be excused if a miscarriage of justice would result from enforcing the procedural default. *Carter*, 443 F.3d at 538.

Green's claim that he properly exhausted his state-court remedies is incorrect. The Supreme Court of Ohio's denial of a motion for a delayed appeal is a procedural ruling that bars review in federal habeas proceedings. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (per curiam). Further, the Supreme Court of Ohio does not permit untimely post-conviction or Rule 26(B) appeals. Ohio S.Ct. Prac. R. 7.01(A)(4)(c). This rule also is a procedural bar to review of Green's claim in habeas proceedings. Moreover, as the Magistrate Judge noted, Green does not explain why he did not file his appeals with the Supreme Court of Ohio in a timely manner and therefore cannot establish "cause." *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule.").

"The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Carrier*, 477 U.S. at 496 (holding the fundamental-miscarriage-of-justice exception applies "in an extraordinary case, where a constitutional violation has probably resulted in

2

the conviction of one who is actually innocent"). Green does not offer any new evidence, however; instead, he argues his right to counsel was violated when his attorney advised him to go to trial rather than accept a plea agreement "on charges he was clearly guilty of . . . ." (Doc. No. 16 at 3). I overrule Green's objection to the Report and Recommendation because he fails to meet the requirements of the fundamental-miscarriage-of-justice exception.

Following review of the Magistrate Judge's Report and Recommendation, I adopt the Report and Recommendation in its entirety as the Order of the Court. Green's petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is dismissed. I also conclude Green fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253 and decline to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge